IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| GEORGE THOMAS CHAMBERS, | ) Case No. 4:25-cv-00306-SMR-HCA |
| | ) |
| Plaintiff, | ) |
| | ) INITIAL REVIEW ORDER |
| v. | ) |
| | ) |
| CINEMARK CENTURY, Jordan Creek 20, | ) |
| | ) |
| Defendant. | ) |

Plaintiff George Thomas Chambers, proceeding *pro se*, has filed this civil rights action against Defendant Cinemark Century seeking monetary damages. [ECF No. 1]. He has also filed an application to proceed *in forma pauperis*. [ECF No. 2].

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an action if it determines the complaint is "frivolous or malicious" or "fails to state a claim on which relief may be granted." Although *pro se* pleadings must be "liberally construed," this leniency does not excuse compliance with basic pleading requirements or permit claims lacking any arguable basis in law. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

## I. DISCUSSION

Fundamental deficiencies in the complaint prevent the Court from conducting meaningful judicial review. Although portions of the handwritten text describe an incident involving alleged verbal harassment at a movie theater and subsequent notification to Governor Kim Reynolds, the allegations conform to no recognizable pleading standard. The sparse and disjointed factual assertions do not articulate the basic elements required for a federal cause of action. The complaint identifies neither the specific conduct that violated Plaintiff's rights, nor the identity of responsible

parties, nor the legal basis for liability, nor the causal connection between the alleged misconduct and Plaintiff's claimed injuries.

To the extent the complaint can be construed as attempting to assert a claim under 42 U.S.C. § 1983, it fails to identify any constitutional violation. Section 1983 provides for liability when a defendant acts "under color of state law" to deprive a person of rights secured by the United States Constitution or federal law. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 929 (1982). Cinemark Century, as a private movie theater chain, is not a state actor and therefore cannot be liable under Section 1983 absent exceptional circumstances not alleged here. The complaint's reference to notifying a state official does not transform the Defendant's alleged conduct into state action. *See Brown v. Linder*, 56 F.4th 1140, 1143 (8th Cir. 2023) (explaining that Section 1983 requires allegations showing defendant's conduct was fairly attributable to the State).

Even construing the complaint liberally as asserting state law claims based on alleged verbal harassment, it provides no factual basis for relief. The Federal Rules of Civil Procedure require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint provides no details regarding the identity of the individuals who allegedly made offensive statements, their relationship to Defendant, or the circumstances establishing Defendant's liability for their conduct.

Although portions of the handwritten complaint are partially legible, they fail to articulate any coherent legal theory or identify the relief Plaintiff seeks. The disjointed allegations describe an unpleasant social encounter but establish no elements of any recognizable cause of action. *Pro se* litigants are afforded considerable latitude, but they must still communicate their claims in a

manner that permits judicial consideration. *See Bennett v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002).

## II.   CONCLUSION

The complaint fails to state a claim upon which relief can be granted. The pleading is incoherent and provides no factual or legal basis for relief. This case is DISMISSED for failure to state a claim. [ECF No. 1]. Plaintiff's application to proceed *in forma pauperis* is GRANTED. [ECF No. 2].

IT IS SO ORDERED.

Dated this 2nd day of September, 2025.

_____
STEPHANIE M. ROSE, CHIEF JUDGE
UNITED STATES DISTRICT COURT